UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ARNOLD COPELAND,

Plaintiff,

v.

NEVADA SOUTHERN DETENTION
CENTER, *et al*.,

Defendants.

Case No. 2:18-cv-02172-GMN-GWF

**ORDER**

*Application to Proceed in Forma Pauperis
(ECF No. 4) and Screening of Complaint
(ECF No. 1-1)*

This matter is before the Court on Plaintiff's Application to Proceed in *Forma Pauperis* (ECF No. 4) filed November 30, 2018. Plaintiff filed his Complaint (ECF No. 1-1) on November 9, 2018.

**BACKGROUND**

On June 18, 2018, the Court revoked Plaintiff's supervised release in an underlying criminal matter and sentenced him to an eighteen-month prison sentence.[1] Plaintiff states that he was transferred to the Nevada Southern Detention Center ("NSDC") on or around June 12, 2018. He alleges that the Defendants, in both their individual and official capacities, violated his constitutional rights under the Fourteenth Amendment by allegedly subjecting him to cruel and unusual punishment. Specifically, Plaintiff states that he was diagnosed with a hip injury in 2015, a medical fact that Defendants were aware of but did not accommodate until October 11, 2018. Plaintiff argues that as a result of Defendants failure to accommodate, his Constitutional rights

---

[1] On January 12, 2015, Plaintiff plead guilty to a one count Indictment. *See Plea Agreement* (ECF No. 27) *United States of America v. Arnold Copeland*, Case No. 2:14-cr-00289-JCM-NJK. On June 25, 2015, Plaintiff was sentenced to serve 27 months in custody with 15 years of supervised release with special conditions. ECF No. 34. Due to a parole violation, Plaintiff has since been committed to custody. ECF No. 63.

1

were violated, and he suffered further injury to his hip.  Plaintiff requests declaratory relief, a preliminary and permanent injunction, as well as damages.  ECF No. 1-1.  Finally, Plaintiff represents that he has exhausted all administrative remedies available to him.  *Motion*, (ECF No. 1-1), Exhibits A and B.

**DISCUSSION**

### I.      Application to Proceed *In Forma Pauperis*

Plaintiff submitted his initiating documents on November 9, 2018 but failed to pay the requisite filing fee or attach a financial affidavit to his application as required by 28 U.S.C. § 1915(a).  The Court entered an Order directing Plaintiff to either pay the filing fee or submit a completed in *forma pauperis* application within 30 days of the entry of the order.  *See* Order, (ECF No. 3).  Plaintiff filed his application on November 30, 2018.  Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.  As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II.      Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33

(1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint.  *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).   Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id*. at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on

fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.    Instant Complaint

Plaintiff alleges the Defendants violated his Fourteenth Amendment right to due process by deliberately denying him proper access to medical care.  The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. CT. 2963, 41 L.Ed. 2d 935 (1974).  In order to state a claim for deprivation of due process, a plaintiff must first establish a liberty interest for which the protection is sought. In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Court explained that the government has an "obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Id.* at 103.  The *Estelle* Court concluded, accordingly, that the Eighth Amendment's prohibition against cruel and unusual punishment, is made applicable to the states through the Due Process Clause of the Fourteenth Amendment.  *Id.* at 101.

Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980), *cert.* denied, 450 U.S. 1041 (1981). "[A] mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Id.*, 639 F.2d at 575.  Moreover, "methods of diagnosis and choice of treatment of an inmate are therefore not subject to judicial review." *Peterson v. Davis*, 551 F.Supp. 137, 147 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, a complaint that a "physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

### A. Fourteenth Amendment violation by CoreCivic, NSDC, and the United States Marshall Service

Plaintiff alleges that while incarcerated at Victorville Federal Penitentiary in 2015, an x-ray was taken of his left hip, and he was diagnosed with deteriorating cartilage. This deterioration caused discomfort in his joint. ECF No. 1-1, at 2. He further alleges, that despite this diagnosis and a "krono" requiring that he be issued a bottom tier and bottom bunk at NSDC, Plaintiff was assigned a top bunk on a high tier for several months post transfer. In the interim, Plaintiff was forced to sleep on the floor because he was unable to climb up or down from his assigned bunk. Finally, Plaintiff alleges that while an x-ray was taken on July 12, 2018, neither radiologist, Dr. Jason Liu, nor physician, Dr. Jay Peterson, made mention of Plaintiff's hip cartilage and diagnosed the joint as healthy. As a result of this diagnosis, Plaintiff has not received the proper medical attention to address his condition and argues this indifference violated his constitutional right. *Id.*

Reviewing Plaintiff's claim liberally, the Court does not find a cognizable § 1983 claim. Plaintiff was seen by the facility physician, diagnosed and treated. Dr. Liu's and Dr. Peterson's decision to diagnose Plaintiff's left hip as healthy was presumably, based on their professional and medical opinion. Notwithstanding their diagnosis, Plaintiff is prescribed medication for hip pain. These facts are insufficient to show deliberate indifference and denial of medical access. There is a difference between "a serious medical necessity" and a denial of pain accommodations. Thus, based on Plaintiff's most recent diagnosis the Defendants, have not violated his constitutional right to due process under the Fourteenth Amendment. Moreover, the Fourteenth Amendment is made applicable to the states and not the federal government. Since Plaintiff's allegation is against, federal actors and not the state, the Fourteenth Amendment is inapplicable. [2] The Court, therefore, denies without prejudice Plaintiff's claim for violation of his Fourteenth Amendment right to due process.

### B. Plaintiff's Claims against Defendants, Individually

An individual defendant is not liable on a civil rights claim unless the facts establish that defendant's personal involvement in some constitutional deprivation or a causal connection

---

[2] Plaintiff's claim would be more properly styled as a § 1983 claim in violation of his Fifth Amendment right to due process.

between the defendant's wrongful conduct and the alleged constitutional deprivation. *Van Snowden v. Cazares*, 2015 WL 12859714, at *8 (C.D. Cal. Aug. 21, 2015) (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Plaintiff's due process claim against the Defendants, in their individual capacity, asserts the same factual circumstances that gave rise to his Fourteenth Amendment claim, in their official capacity, and are therefore insufficient to state a claim for relief.

### C. Plaintiff's Claim for Declaratory Relief.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), allows a court to "declare the rights and other legal relations of any interested party facing such declaration, whether or not further relief is or could be sought." "[T]he Declaratory Judgment Act requires an actual case or controversy between the parties before a federal court can constitutionally assume jurisdiction." *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 955 (1987) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937)). The phrase "actual case or controversy" as used in the Act "refers to the same 'Cases' and 'Controversies' that are justiciable under Article III" of the Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). In determining whether a case or controversy exists, a court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941)).

Plaintiff requests that the Court declare Defendants violated his rights under the Constitution of the United States. In light of the Court's ruling, there is no case or controversy between the two parties at present.

### D. Plaintiff's Demand for Injunctive Relief

Finally, Plaintiff's demand for relief requests an order of protection. A request for injunctive relief, i.e., a temporary restraining order or preliminary injunction, is an equitable remedy. "The basis for injunctive relief has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 US 305, 312, 102 S. Ct. 1798, 1803 (1982). Additionally, an applicant must establish: "(1) that he is likely to succeed on the merits; (2) that he is likely to suffer

irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in his favor; and (4) that injunction is in the public interest." *Winter v. Natural Resources Defense Counsel Inc.*, 555 US 7, 20, 129 S. Ct. 365, 374 (2008).

As previously addressed, Plaintiff's claim fails to state a claim upon which relief can be granted and cannot therefore be meritorious. Accordingly, Plaintiff's demand for injunctive relief is denied.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e).   If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (EFF No. 4) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of

7

Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #1209011), in the months that the account exceeds $10.00, until the full $400 (which includes the $350 filing fee and $50 administrative fee) filing fees have been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **April 10, 2019** to file an amended complaint correcting the noted deficiencies.

Dated this 7th day of March, 2019.

George Foley Jr.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

8