UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ARNOLD COPELAND, | Case No. 2:18-CV-02172-GMN-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| NEVADA SOUTHERN DETENTION CENTER, JOHN DOE 1-3 et al., | |
| Defendants. | |

Before the Court is Plaintiff Arnold Copeland's Amended Civil Complaint alleging violation of his civil rights pursuant to 42 U.S.C. § 1983 (ECF No. 8).

The Court granted Plaintiff's *in forma pauperis* application on March 7, 2019, dismissed Plaintiff's Complaint without prejudice, and provided Plaintiff with an opportunity to amend his Complaint, which he did in a timely manner. The Court now screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e).

**I.  Screening Procedures**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e),

1

1 the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

2

**II.     SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the Nevada Southern Detention Center ("NSDC") where he was at all relevant times. Plaintiff further alleges the Director/Warden, Medical Supervisor, Dr. Jason Liu, and Dr. Jay Peterson are proper defendants in this action. Plaintiff identifies the Director/Warden and Medical Supervisor as John Doe I and John Doe II.

Plaintiff states that the "medical staff" at NSDC: (1) was "fully aware" of the issues with his hip and his extreme discomfort; (2) showed deliberate indifference to the fact that he was "forced to sleep on the floor while other similarly situated individuals received proper medical treatment and diagnosis which allowed the access to medication[,] lower bunk access and routine treatment"; and (3) violated his Fifth Amendment rights to due process when Drs. Liu and Peterson intentionally ignored his continued requests for proper medical care. Plaintiff states he used and exhausted the grievance process and that his grievance was denied. Plaintiff says he has "suffered unnecessarily," experienced intense pain, slept on the floor, and "languished in duress and depression." Plaintiff states he now uses a wheelchair and that his injuries were exacerbated without just cause. Plaintiff seeks a declaratory judgment, compensatory damages for $125,000 against each defendant, and punitive damages of $25,000 against each defendant. Plaintiff also seeks a jury trial if necessary.

**III.    ANALYSIS**

    A.    <u>Claims Against The Defendants</u>

State officials sued in their official capacity are not persons under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S 58, 71 (1989). However, a state official sued in his personal capacity may be found liable for damages if a plaintiff can show that the defendant personally violated his constitutional rights. *OSU Student Alliance v. Ray*, 669 F. 9d 1053, 1069 (9th Cir. 2012). Plaintiff brings suit against all Defendants in both their official and individual capacities. The Court must determine whether a suit is brought against a defendant in his individual or official capacity by considering the "essential nature" of the proceeding. *Eaglesmith v. Ward*, 73 F. 857, 859 (9th Cir. 1996) (citing *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945)).

**1. Monetary relief against defendants in their official capacities.**

To the extent the complaint seeks monetary relief under Section 1983 against the individual defendants in their official capacities, this claim must be dismissed because suing the individual defendants in their official capacities for money damages is "no different from a suit against the State itself." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989); (state officials sued for monetary relief in their official capacities are not "persons" under section 1983). All claims against all defendants in their official capacities seeking monetary relief are therefore dismissed with prejudice.

**2. Relief Based On Supervisor Liability under Section 1983**

A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir.1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman,* 942 F.2d at 1447 (internal quotation marks omitted). "The requisite causal connection can be established ... by setting in motion a series of acts by others," *id.* (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco,* 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland,* 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

Plaintiff fails to allege any facts whatsoever demonstrating that John Doe I, the Warden/Director, or John Doe II, the Medical Director, violated Plaintiff's rights individually or that they have any connection to the constitutional violation alleged. Without such facts, all of Plaintiff's claims against these two supervisors fail as a matter of law. Thus, all claims against the John Does will be dismissed without prejudice.

### 3. Injunctive Relief Against Defendants Drs. Liu and Peterson

Very liberally construed, the First Amended Complaint again appeared to arise under Section 1983, the ADA, that Drs. Liu and Peterson were deliberately indifferent to Plaintiff's serious medical disability in violation of the Eighth Amendment, and deprived Plaintiff of Equal Protection under the Fourteenth Amendment, and violated state statutes. Plaintiff seeks declaratory, injunctive, and monetary relief.

A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." A state official sued in her official capacity is not a "person" subject to suit under 42 U.S.C. § 1983, unless the suit seeks injunctive relief. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 & n. 10 (1989). Here, however, Plaintiff fails to specify what type of injunctive relief would be appropriate. Although the Court liberally construes the pleadings of a pro se litigant, there does not appear to be any particular conduct which Plaintiff seeks to have enjoined. Therefore, Plaintiff's injunctive relief claim is dismissed without prejudice as alleged against Drs. Liu and Peterson.

### 4. Monetary Relief Against Defendants Drs. Liu and Peterson.

*i. Eighth Amendment – Deliberate Indifference to Serious Medical Needs*

Prison officials violate the Eighth Amendment when they respond with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976) (citations and footnotes omitted). An inmate's medical need is sufficiently "serious" if, objectively, the failure to treat it "will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and internal

quotation marks omitted), *cert. denied*, 135 S. Ct. 946 (2015). Such medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain...." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (citations omitted), overruled on other grounds by *WMX Technologies, Inc., v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A prison official acts with deliberate indifference when the official is subjectively aware of, but *purposefully* ignores or fails to respond to an "excessive risk to inmate health" (*i.e.*, a serious medical need). *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations omitted). A defendant's alleged indifference must be "substantial." *Estelle*, 429 U.S. at 105-06; *Lemire v. California Department of Corrections and Rehabilitation*, 726 F.3d 1062, 1081-82 (9th Cir. 2013) (citations omitted). A prison doctor's mistake, negligence, or malpractice does not establish deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 105-06. "Even gross negligence is insufficient ...." *Lemire*, 726 F.3d at 1082 (citation omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Colwell*, 763 F.3d at 1066 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ) (quotation marks omitted).

A prisoner need not prove that he was completely denied medical care. *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (en banc). Rather, deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted). The medical care a defendant provided to an inmate amounts to deliberate indifference only if the doctor chose a course of treatment that "was medically unacceptable under the circumstances" and did so "in conscious disregard of an excessive risk to plaintiff's health." *Colwell*, 763 F.3d at 1068 (citations and internal quotation marks omitted).

####   ii.   Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that individuals that are similarly situated be treated alike. *City of Cleburne Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985), abrogated on other grounds as explained in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). A Section 1983 claim predicated on an equal protection violation may be alleged, in pertinent part, under two theories. First, a plaintiff may state an equal protection claim by alleging that he was intentionally discriminated against based upon his membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), implicitly abrogated in part on other grounds as explained in *Galbraith*, 307 F.3d at 1125-26; *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). Alternatively, if the challenged action did not involve a suspect classification, a plaintiff may still state an equal protection claim essentially by alleging that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *SeaRiver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).

####   iii.   Analysis

Plaintiff's Eighth Amendment is based on allegations that Drs. Liu and Peterson received grievances, but Plaintiff does not identify what he said in such grievances and, therefore, it is impossible to know what, if any, information, these doctors may have ignored. Plaintiff only says that he made "continual requests for proper medical treatment" which was ignored. ECF No. 8 at 2. Plaintiff also states he suffered unnecessarily in pain and languished in duress and depression. While these allegations may be true, they do not allege acts or facts to state an Eighth Amendment Claim against Drs. Liu or Peterson. By way of example, Plaintiff does not state what they knew, when they knew what they knew, what they did in response, if anything, or that they intentionally denied medical treatment. In sum, Plaintiff's conclusion is insufficient to establish the necessary facts upon which an Eighth Amendment claim may be based. Thus, this claim will be dismissed without prejudice as described below.

Plaintiff's Fourteenth Amendment claim fares no better. Here, Plaintiff says only that "other similarly situated individuals received proper medical treatment and diagnosis." *Id.* To the extent Plaintiff claims he is disabled because he *now* uses a wheelchair, it is not clear that he was treated differently because he is an individual who needs assistance with mobility. *Id.* at 3. While Plaintiff does state that other individuals who were similarly situated received proper medical treatment, he does not state that he was intentionally targeted for some reason that resulted in some different treatment, all of which had no rational basis. For this reason, Plaintiff's Fourteenth Amendment Claim will be dismissed without prejudice as described below.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Amended Civil Complaint (ECF No. 8) is DENIED as follows:

1. Plaintiff states claims against all Defendants for monetary relief in their official capacities, all of Plaintiff's claims are DENIED with prejudice.

2. Plaintiff's claims against John Doe I and John Doe II (the Warden/Director and Medical Director) for monetary or injunctive relief are DENIED without prejudice as Plaintiff fails to allege any facts whatsoever demonstrating that John Doe I or John Doe II violated Plaintiff's rights individually or that they have any connection to the constitutional violation alleged.

3. Plaintiff's claims against Drs. Liu and Peterson for injunctive relief are DENIED without prejudice because there does not appear to be any particular conduct which Plaintiff seeks to have enjoined.

4. Plaintiff's claims for monetary relief against Drs. Liu and Peterson for monetary relief under the Eighth and Fourteenth Amendments are DENIED because Plaintiff fails to state claims upon which relief may be granted.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's Amended Civil Complaint (ECF No. 8), which is nonetheless dismissed pursuant to this Order.

IT IS FURTHER ORDERED that Plaintiff is hereby given an opportunity to amend his complaint one additional time to state claims asserting the necessary factual and legal bases for any constitutional or state harm alleged. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

DATED: September 19, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE