UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ARNOLD COPELAND,

                                    Plaintiff

        v.

NEVADA SOUTHERN DETENTION
CENTER et al.,

                                    Defendants

Case No.  2:18-cv-02172-GMN-EJY

ORDER

        This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. §
1983 by a former inmate of the Nevada Southern Detention Center.  On September 19,
2019, the Court issued an order dismissing the amended complaint with leave to amend
and directed Plaintiff to file a second amended complaint within thirty days.  (ECF No. 11
at 9).  The thirty-day period has now expired, and Plaintiff has not filed a second amended
complaint or otherwise responded to the Court's order.

        District courts have the inherent power to control their dockets and "[i]n the
exercise of that power, they may impose sanctions including, where appropriate . . .
dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831
(9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure
to prosecute an action, failure to obey a court order, or failure to comply with local rules.
*See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for
noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.
1992)  (affirming dismissal for failure to comply with an order requiring amendment of
complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal
for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of
address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming
dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421,
1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with
local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file a second amended complaint within thirty days expressly stated: "Failure to comply with this Order may result in a recommendation that this action be dismissed." (ECF No. 11 at 9). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file a second amended complaint within thirty days.

It is therefore ordered that this action is dismissed with prejudice based on Plaintiff's failure to file a second amended complaint in compliance with this Court's September 19, 2019, order and for failure to state a claim.

///

///

///

1      It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 4) is

2 denied as moot.

3      It is further ordered that the Clerk of Court will close the case and enter judgment

4 accordingly.

5

6      DATED THIS __24__ day of October 2019.

7

8      _____

     Gloria M. Navarro, Judge

9      United States District Court